IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MELISSA CHEN and DARIO SALAS, on behalf of themselves and others similarly situated, | |
| Plaintiffs, | Case No. 17 C 3767 |
| v. | Judge Harry D. Leinenweber |
| GENESCO, INC., and HAT WORLD, INC. d/b/a LIDS, | |
| Defendants. | |

# ORDER

Defendants' Motion to Transfer Venue to the Southern District of Indiana [ECF No. 26] is granted. Defendants' Motion to Compel Arbitration or, in the alternative, to Stay Proceedings Pending the Supreme Court's decision in *NLRB v. Murphy Oil USA, Inc.* (U.S. No. 16-307), may be considered by the transferee court. [ECF No. 22.]

# STATEMENT

Plaintiffs Melissa Chen ("Chen") and Dario Salas ("Salas") bring putative class action claims against Defendants Genesco, Inc. and Hat World, Inc. for alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), and New York Labor Law, Article 19, § 650 *et seq.* and Article 6, § 190 *et seq.* Defendants respond with two motions: The first asks the Court to compel Chen to arbitrate her claims or, in the alternative, to stay these proceedings pending the Supreme Court's decision resolving a circuit split on the question of

whether the inclusion of a class and collective action waiver invalidates the agreement in which it appears. *Compare Lewis v. Epis Sys. Corp.,* 823 F.3d 1147 (7th Cir. 2016) (finding such waivers violate the National Labor Relations Act), *with D.R. Horton, Inc. v. NLRB,* 737 F.3d 344, 362 (5th Cir. 2013) (finding the contrary). Defendants' second motion asks the Court to transfer this case to the Southern District of Indiana. Because the Court agrees that transfer is appropriate, this Order will leave the consideration of Defendants' first motion to the transferee court.

District courts may transfer venue for the convenience of the parties and witnesses and in the interest of justice to any other district where the case could have been brought. 28 U.S.C. § 1404(a). This "federal housekeeping measure" allows for easy change of venue when (1) venue is proper in both the transferor and transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interest of justice. *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 254 (1981) (internal quotation marks omitted).

Venue is proper in both the Northern District of Illinois and the Southern District of Indiana because a substantial part of the events or omissions giving rise to the claims occurred in these districts. 28 U.S.C. § 1391(b)(2).

We thus turn to the convenience analysis, which considers five factors: (1) the plaintiff's choice of forum; (2) the situs of the material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience of the parties. *Cent. States, Se. & Sw. Areas Pension Fund v. Ehlers Dist. Inc.,* No. 11 C 2691, 2012 WL 581246, at *2 (N.D. Ill. Feb. 22, 2012) (citation omitted). Because Section 1404(a) does not specify the weight to be accorded each factor, whether to grant a motion to transfer is

left to the discretion of the court. *Heller Fin. Inc. v. Midwhey Powder Co.,* 883 F.2d 1286, 1293 (7th Cir. 1989).

"Courts in this district have consistently held that a plaintiff's choice of forum is afforded less deference when the plaintiff represents a class." *Lafleur v. Dollar Tree Stores, Inc.,* No. 1:11 CV 8473, 2012 WL 2280090, at *3 (N.D. Ill. June 18, 2012) (citations omitted) (collecting cases). The circumstances at bar are similar to those in *Shumate v. Genesco, Inc.,* No. 2:17-cv-000157, (S.D. Ohio Oct. 4, 2017) (Order Granting Mot. for Transfer, ECF No. 59), in which the Ohio district court found that because the plaintiffs represented a putative, nationwide class action, their choice of venue did not weigh heavily against transfer. The same is true here. This factor is neutral.

The Plaintiffs contend that the site-of-material-events factor weighs against transfer because Chen brings a Rule 23 class claim under Illinois law. Of course, that is only one of the Plaintiffs' five claims in this case; three others relate to exclusively New York employees and the fifth is a nationwide FLSA claim. (Compl. ¶¶ 108-24, ECF 1.) To any extent, the significance of the work and alleged underpayment that occurred in Illinois is diluted by the purported existence of substantially similar misconduct in Defendants' stores across the nation. (*See,* Compl. ¶ 39; *Lafleur v. Dollar Tree Stores, Inc.,* No. 1:11 CV 8473, 2012 WL 2280090, at *4 (N.D. Ill. June 18, 2012).) Though the events in Illinois are material to one-fifth of Plaintiffs' current claims, the events that took place in Indianapolis (namely, "the setting of nationwide policies") are material to all claims. *See, Lafleur,* 2012 WL 2280090, at *4. This factor favors transfer.

Next, Plaintiff is correct that the third factor—the access to sources of proof—presents an untroublesome analysis in the

modern era. *See, Camarena v. Vanderbilt Mortg. & Fin., Inc.*, No. 15 C 00656, 2015 WL 4036258, at *3 (N.D. Ill. July 1, 2015) ("With the advent of electronic discovery, where records are actually stored is less of a factor because documents now are easily scanned, stored, and electronically transmitted and moving them no longer creates the onerous burden it may once have imposed.") Defendants state that many "potentially relevant documents" are stored at their Indiana headquarters, including policies concerning subjects ranging from training of store managers to timesheets, paychecks, and payroll. (Defs.' Mem. in Supp. Trans. Mot. at 9.) But Defendants have not explained why any of this evidence must be produced in *physical* form, so their argument on this factor does not advance their position. *See, Qurio Holdings, Inc. v. DIRECTV, LLC,* 2015 WL 1943278, at *4 (N.D. Ill. Apr. 29, 2015) (finding movant seeking transfer "fail[ed] to meet its burden to clearly show" convenience where it did not point to specific physical evidence). This factor is neutral.

As to the convenience of the witnesses: Plaintiffs have identified only one specific witness (Chen herself) who lives in Illinois. Her co-plaintiff Salas lives in New York, and traveling to Indiana does not appear to present any greater inconvenience for him than does travel to Chicago. Defendant Hat World, on the other hand, is headquartered in Indianapolis and complains that its employees involved in the creation and maintenance of the at-issue policies work and live in Indiana. *Cf. Lafleur,* 2012 WL 2280090, at *5. Hat World lists six such employees by name and job description. (*See,* Carrie Baird Decl. ¶ 3, Ex. A to Pl.'s Mem. in Supp. Trans. Mot., ECF No. 27-1.)

There is also the issue of third-party witnesses to consider. The Federal Rules of Civil Procedure dictate that a non-party subpoena respondent must not be made to travel more

than 100 miles to attend a deposition, hearing, or trial from where that person resides or regularly transacts business. F<small>ED</small>. R. C<small>IV</small>. P. 45(c)(1)(A). Here, Defendants have identified two former employees—a former payroll manager and a former human resources officer—who live in Indianapolis and are knowledgeable about the pay and HR issues in this case. (*See,* Baird Decl. ¶ 4.) That distance places those nonparties beyond this Court's Rule 45 subpoena power, but not beyond the power of the Indiana district court. The issue of subpoenaing these third parties thus weighs lightly in favor of transfer. *See, Gehm v. APL Logistics Warehouse Mgmt. Servs. Inc.,* No. 1:05CV804, 2006 WL 2056673, at *3 (S.D. Ohio July 21, 2006). On balance, the witness convenience factor weighs toward transfer.

The fifth factor requires that courts consider "the parties' residences and their ability to bear the expense of litigating in each forum." *McCain Foods Ltd. v. J.R. Simplot Co.,* No. 17 C 1326, 2017 WL 3432669, at *4 (N.D. Ill. Aug. 9, 2017) (citation omitted). Here, the Defendant is a large corporation and is in a better position than the Plaintiffs to bear the relative inconvenience of litigating somewhere other than their preferred district. *See, id.* Unless and until Chen is compelled to arbitrate and thus subtracted from the analysis, she remains an Illinois-residing plaintiff who could more conveniently prosecute her case here, in her chosen forum. This factor weighs against transfer.

After taking the five convenience factors into account, the net result tilts in favor of transfer. Further, the interests of justice point toward transfer as well. First, the Southern District of Indiana—where Defendant Hat World is headquartered—has a comparably greater interest in trying the issues of this case. The citizens of Indiana have an interest "in ensuring that corporations that call it home are justly tried—neither

allowed to scoff at the law nor punished without cause." *Simonoff v. Kaplan, Inc.,* No. 09 C 5017, 2010 WL 1195855, at *3 (N.D. Ill. Mar. 17, 2010). Second, the fact that Plaintiffs bring Illinois state law claims does not upset this analysis. The IMWL's executive exemption to its overtime provisions mirrors the exemption in the FLSA. *See, Hecker v. Petco Animal Supplies, Inc.,* No. 16 C 10857, 2017 WL 2461546, at *6 (N.D. Ill. June 7, 2017). Accordingly, the court deciding these claims may rely on federal law—a topic our Indiana sister court is equally qualified to speak on as we are.

The Court finds that the Southern District of Indiana is a more convenient forum and thus grants Defendants' Motion to Transfer.

 Harry D. Leinenweber, Judge
 United States District Court

Dated: 3/7/2018